RECEIPT # _55843_
AMOUNT $__150__ phv
SUMMONS ISSUED _Y-2_
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _m_____
DATE___5-12-04_____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PETER PAN BUS LINES, INC. and GREYHOUND LINES, INC., *Plaintiffs,* v. FUNG WAH BUS TRANSPORTATION, INC. and KRISTINE TRAVEL AND TOURS, INC. doing business as TRAVEL PACK, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION
NO.

## COMPLAINT FOR INJUNCTIVE RELIEF

### Jurisdiction

MAGISTRATE JUDGE _Cohen_

1.      The jurisdiction of this Court is invoked under 28 U.S.C. §1331, since this is a

civil action arising under the Constitution and laws of the United States, specifically

Congressional power to regulate commerce among the several states, U.S. Constitution, Article I,

Section 8, Clause 3, and more specifically, a provision of the Motor Carrier Act, 49 U.S.C.

§14707, which allows an entity injured by another's violation of the Federal Motor Carrier Safety

Administration registration requirements with respect to interstate bus transportation to bring a

private enforcement action to enforce such registration requirements.

### Venue

2.      Venue is proper under 28 U.S.C. §1391(b)(1), because both Defendants reside in

the District of Massachusetts, and also under 28 U.S.C. §1391(b)(2) because a substantial part of

the events giving rise to this claim occurred in this District. Venue is also proper under 49

U.S.C. §14707(a), because both Defendants operate in this District.

Nature of the Action

3.      Plaintiffs are both interstate common carriers of passengers whose intercity bus

business is regulated by the Federal Motor Carrier Safety Administration ("FMCSA"), including

a requirement for FMCSA registration. A portion of their business consists of operating

regularly scheduled bus service between Boston, Massachusetts and New York, New York

("Boston - New York City"), over specified regular routes set forth in their FMCSA registrations

and according to published and advertised schedules. Defendants are both engaged in business,

*inter alia*, operating similar regularly scheduled bus service between Boston and New York City,

according to Defendants' own published and advertised schedules. However, unlike Plaintiffs,

Defendants do not hold required FMCSA registration authorizing such regularly scheduled

service over regular routes. Plaintiffs are injured by reason of Defendants' operating their

unauthorized, scheduled bus transportation services between Boston and New York City in

competition with Plaintiffs' authorized services. Plaintiffs bring this complaint for injunctive

relief pursuant to 49 U.S.C. §14707, which explicitly provides for private enforcement of the

FMCSA registration requirement by injured entities.

The Parties

4.      Plaintiff Peter Pan Bus Lines, Inc. ("Peter Pan"), 1776 Main Street, Springfield,

Massachusetts 01102, is a Massachusetts corporation whose principal office is located at

Springfield, Massachusetts. Peter Pan is engaged in the regular route intercity bus business as a

motor common carrier of passengers, *inter alia*, according to a published schedule, in interstate

commerce, over a series of specified, authorized regular routes throughout New England and the

2

Middle Atlantic States, including specified, authorized routes between Boston and New York City.

     5.     Peter Pan is appropriately registered with FMCSA in FMCSA Docket MC-61016 to perform such interstate, regularly scheduled service, as provided in 49 U.S.C. §13902.

     6.     Peter Pan is actively engaged in performing regularly scheduled intercity bus service between Boston and New York City over its authorized regular routes, operating multiple schedules daily in each direction.

     7.     Plaintiff Greyhound Lines, Inc. ("Greyhound"), 15110 Dallas Parkway, Dallas, Texas 75248 is a Delaware corporation whose principal office is located at Dallas, Texas. Greyhound is the Nation's only nationwide intercity bus carrier providing regularly scheduled intercity bus service. Greyhound is engaged in the intercity regular route bus business as a motor common carrier of passengers, *inter alia*, on a regularly scheduled basis, in interstate commerce, over a series of specified, authorized routes throughout the United States, including specified, authorized routes between Boston and New York City.

     8.     Greyhound is appropriately registered with FMCSA in FMCSA Docket MC-1515 to perform such interstate, regularly scheduled service, as provided in 49 U.S.C. §13902.

     9.     Greyhound is actively engaged in performing regularly scheduled intercity bus service between Boston and New York City over its authorized regular routes, operating multiple schedules daily in each direction.

     10.     Defendant Fung Wah Bus Transportation, Inc. ("Fung Wah"), 28 Billings Road, Quincy, Massachusetts 02170, is a New York corporation, qualified to do business and doing business in Massachusetts. Fung Wah is engaged in business, *inter alia*, in the motor

transportation of passengers, in interstate commerce, over regular routes, according to published

schedules, between Boston and New York City.

11.    Fung Wah is registered with FMCSA in Docket MC-405969 to operate "charter

and special" transportation.  Fung Wah is not registered with FMCSA to operate any regularly

scheduled interstate, "regular route" bus service.

12.    Although it is not properly registered with FMCSA to do so, Fung Wah is now

and for some time has been actively engaged in holding itself out to the public to perform and

performing regularly scheduled intercity bus service between Boston and New York City over

regular routes, currently holding itself out to operate multiple schedules daily in each direction.

13.    Defendant Kristine Travel and Tours, Inc., doing business as Travel Pack ("Travel

Pack"), 23 B Tyler Street, Boston 02111, is a Massachusetts corporation, doing business in

Massachusetts.  Travel Pack is engaged in business, *inter alia*, in the motor transportation of

passengers, in interstate commerce, over regular routes, according to published regular schedules,

between Boston and New York City.

14.    Travel Pack is registered with FMCSA in Docket MC-352543 to operate "charter

and special" transportation.  Travel Pack is not registered with FMCSA to operate any regular

scheduled interstate, "regular route" bus service.

15.    Although it is not properly registered with FMCSA to do so, Travel Pack is now

and for some time has been actively engaged in holding itself out to the public to perform and

performing regularly scheduled intercity bus service between Boston and New York City over

regular routes, currently holding itself out to operate multiple schedules daily in each direction.

4

The Federal Regulatory Scheme
The Requirement for Registration

16.    The holding out to the public to operate and the operation of intercity, interstate regularly scheduled bus transportation over regular routes has been fully regulated by the Federal Government since the enactment of the Motor Carrier Act of 1935, and it remains regulated today.  Pursuant to the ICC Termination Act of 1995 (Pub.L. 104-88) and Motor Carrier Safety Improvement Act of 1999 (Pub.L. 106-159), administration of regulation of such activities today is carried out by FMCSA.

17.    FMCSA's jurisdiction over motor passenger transportation as set forth in 49 U.S.C. §13501 includes jurisdiction "over transportation by motor carrier . . . to the extent that passengers . . . are transported by motor carrier (1) between a place in (A) a State and a place in another State."  Both Defendants are engaged in such transportation subject to FMCSA jurisdiction.

18.    FMCSA's requirement for registration as set forth in 49 U.S.C. §13901 provides an entity may provide transportation subject to FMCSA jurisdiction "only if the [entity] is registered . . . to provide the transportation or service."  Neither Defendant is registered to perform the regularly scheduled "regular route" service which each is now and has been performing between Boston and New York City.

19.    FMCSA's registration requirements for motor passenger carriers as set forth in 49 U.S.C. §13902 provide for two altogether distinct classes of registration, namely (1) "regular route" transportation and (2) "charter or special" transportation.

20.    The distinction in classes of registration are set out in FMCSA statute and administrative and court interpretations.  "Regular route" transportation consists of operation of common carrier service, available to the general public, in which transportation is performed

between specified terminals according to published schedules, and which transportation is

available to any passenger who purchases an individual ticket. In contrast, "charter and special"

transportation consists of sporadic service. "Charter" service would be performed for a single

group which hires the exclusive use of a vehicle. "Special" service would generally involve sale

of tickets to a special event or as a part of an all-inclusive tour.

21.    In order lawfully to operate their scheduled services, Plaintiffs Peter Pan and

Greyhound each is registered with FMCSA under 49 U.S.C. §13902 to operate "regular route"

transportation between Boston and New York City (among other places). Peter Pan's registration

includes Certificates in Docket MC-61016. Greyhound's registration includes Certificates in

Docket MC-1515.

Injury To Plaintiffs

22.    As a part of their regular route transportation service, each of Peter Pan and

Greyhound holds itself out to the general public as providing regular route, scheduled service.

This includes publication of schedules (both on their internet web sites and through printed

media) which describe departure and arrival times and departure and arrival points. This also

includes operating intercity coaches according to those published schedules. Both Plaintiffs

incur substantial expenses in such publication and operation.

23.    In connection with their holding out of and operating regular route passenger

transportation, each of Peter Pan and Greyhound has made a substantial investment in such

representative activities as (1) acquiring modern intercity motor coaches, (2) hiring, training, and

retaining qualified drivers and other employees, (3) developing and maintaining a safety program

to meet and exceed FMCSA safety requirements, (4) developing and maintaining maintenance

programs for their coaches, (5) developing, acquiring, and maintaining information technology

systems for their businesses, (6) arranging for terminal facilities in the cities to and from which

they operate, and (7) generally promoting their businesses.  Both Plaintiffs have incurred and continue to incur substantial expenses in making and maintaining such investments.

24.    In their operation of their unauthorized scheduled services, both Defendants sell tickets to and transport passengers.  Many if not all of these passengers transported by Defendants would buy tickets from and ride Plaintiffs's services if Defendants were not performing their unauthorized scheduled services.  As a result of Defendants' unauthorized services, Plaintiffs are therefore injured by being deprived of revenue and profits they would otherwise receive from such passengers who have been diverted to Defendants' unauthorized services.

25.    The nature of the ongoing harm suffered by Plaintiffs is such that it is not susceptible to precise measurement, and thus injunctive relief is required to put an end to any future harm.

### No Other Remedy Available

26.    Plaintiffs have no other remedy at law to obtain the declaratory relief they seek in this action.  FMCSA has an established policy of not undertaking its own enforcement action for violations of the law similar to those alleged here, but rather has encouraged injured carriers to litigate in the Federal courts to recover for harm suffered by such violations.

### Service on the Secretary of Transportation

27.    As required by 49 U.S.C. §14707(b), plaintiffs have caused a copy of this Complaint and all accompanying papers to be served on the Secretary of Transportation. as set forth in the "Certificate of Service" which is attached as Exhibit A.

Relief Requested

28.     Plaintiffs request the Court enter a preliminary injunction and then permanent

injunction enjoining both plaintiffs from continuing to engage in scheduled, regular route

passenger bus transportation between Boston and New York City as described herein unless and

until they obtain and hold a proper registration from Federal Motor Carrier Safety Administration

pursuant to 49 U.S.C. §13902 to authorize such activity.

29.     Plaintiffs request the Court award them reasonable attorney's fees as

contemplated in 49 U..C. §14707(c).

WHEREFORE, Plaintiffs respectfully request and pray that this honorable Court:

(1)     Upon hearing, issue a Preliminary Injunction, restraining and enjoining Fung Wah

        and Travel Pack and each of them, their agents, servants, employees, attorneys,

        and all persons in active concert and participation with them, from continuing to

        hold themselves out to perform and continuing to perform regular route,

        scheduled bus transportation between Boston and new York City, as described

        herein, unless and until they obtain and hold a proper registration from Federal

        Motor Carrier Safety Administration pursuant to 49 U.S.C. §13902;

(2)     Issue a Permanent Injunction, restraining and enjoining Fung Wah and Travel

        Pack and each of them, their agents, servants, employees, attorneys, and all

        persons in active concert and participation with them, from continuing to hold

        themselves out to perform and continuing to perform regular route, scheduled bus

        transportation between Boston and new York City, as described herein, unless and

        until they obtain and hold a proper registration from Federal Motor Carrier Safety

        Administration pursuant to 49 U.S.C. §13902;

8

(3)    Order Fung Wah and Travel Pack to pay the reasonable attorney's fees incurred by

Plaintiffs Peter Pan and Greyhound in bringing this action and the costs of this

action; and

(4)    Grant unto Plaintiffs such other and further relief as it may deem just and proper

in the premises.

PLAINTIFFS

By their attorneys,

May 12, 2004

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

and

Jeremy Kahn
KAHN & KAHN
1730 Rhode Island Ave., N.W.
Suite 810
Washington, D.C.  20036
(202) 887-0037

OF COUNSEL:

Fritz R. Kahn, Esq.
FRITZ R. KAHN, P.C.
1920 N Street, N.W., 8th Floor
Washington, DC 20036
(202) 263-4152

9

**EXHIBIT A**

**CERTIFICATE OF SERVICE**

I, Wesley Chused, counsel for Plaintiffs, certify that in compliance with 49 U.S.C.

§14707(b), I have caused a copy of the foregoing Complaint to be served on the Secretary

of Transportation, by the procedure set forth in Rule 4(i) of the Federal Rules of Civil

Procedure, specifically (1) by mailing a copy of the summons and complaint by U.S.

certified mail to (a) the Honorable John Ashcroft, Attorney General of the United States,

U.S. Department of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530, and

(b) the Honorable Norman Y. Mineta, Secretary of Transportation, U.S. Department of

Transportation, 400 7th Street, S.W. Washington, DC 20590, and (2) by hand delivery to

the office of the United States Attorney for the District of Massachusetts, Michael J.

Sullivan, at U.S. Courthouse, Suite 9200, 1 Courthouse Way, Boston, Massachusetts

02210.

May 12, 2004

Wesley S. Chused  (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800