UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER PAN BUS LINES, INC. )
and GREYHOUND LINES, INC., )
)
)
Plaintiffs, )
)
v. ) Case No.
)
FUNG WAH BUS TRANSPORTATION, INC. )
and KRISTINE TRAVEL & TOURS, INC., )
d/b/a TRAVEL PACK, )
)
Defendants. )



AFFIDAVIT
OF
GREGORY ALEXANDER

Gregory Alexander, having been sworn, duly deposes and says:

1. My name is Gregory Alexander, and I am the Vice President, Industry Relations, of Greyhound Lines, Inc., with offices at 15110 North Dallas Parkway, Dallas, Texas 75248. As Vice President, Industry Relations, I am responsible for the maintenance of Greyhound's intercity regular-route structure throughout the United States, including superintending the filing of applications for new route authority and amending existing route authority, as well as acting as the liaison officer between Greyhound and other carriers within the intercity bus industry.

2. I have been with Greyhound since June 1971, my first assignment being an assistant

-1-

terminal manager in Detroit, Michigan. In the intervening years, I have been promoted to positions of increasing responsibility, assuming my current role as Vice President, Industry Relations, in January 1997.

3. I am a member of the Board of Directors of the National Bus Traffic Association and serve on its Executive Committee and its Rate Committee.

4. I am a graduate of Wayne State University in Detroit, from which I received a Bachelor's degree in Personnel Management/Industrial Relations, and I received my Masters of Business Administration degree from Dallas Baptist University in Dallas, Texas.

5. I am aware that two bus companies, Fung Wah Bus Transportation, Inc., and Kristine Travel Tours, Inc., d/b/a Travel Pack are operating in the New York, NY/Boston, MA, market, offering intercity, scheduled, regular-route service without having secured the requisite operating authority from the Federal Motor Carrier Safety Administration of the U.S. Department of Transportation.

6. I have reviewed the certificates heretofore issued to Fung Wah Bus Transportation, Inc., and Kristine Travel Tours, Inc., d/b/a Travel Pack and, while they may permit the two bus operators to offer special and charter service, the two companies have not been registered to provide intercity, scheduled, regular-route service in the New York, NY/Boston, MA, market.

7. Greyhound may be the Nation's largest intercity, scheduled, regular-route bus company, but that does not mean that it can afford to tolerate unauthorized operators cherry-picking business on its busiest routes, such as the corridor between New York and Boston. Greyhound operates 18 daily schedules from New York to Boston and 18 from Boston to New York, as well as significant additional weekend service on weekends. I wish it were otherwise,

-2-

but Greyhound's buses rarely are full, even on this heavily traveled route. That is why each additional passenger who boards one of the buses is so important to Greyhound. Since the busses are being operated anyway, the fare of each additional passenger goes directly to that schedule's bottom line. Conversely, if Greyhound loses a passenger who otherwise might have boarded one of its buses, that has an immediate and direct adverse impact on the profitability of its operations on the route.

8. Greyhound's District Managers in New York and managers in Boston have reported to me that the Defendants' buses were being operated substantially according to the schedule, as posted on the web pages of Fung Wah Bus Transportation, Inc., and Kristine Travel & Tours, Inc., d/b/a Travel Pack, respectively. Boarding passengers paid their fares to the driver, who had a supply of flyers which he passed out to anyone who was interested.

9. The flyers provided information about the locations in New York and Boston where the buses stopped to pick up and discharge passengers, the one-way fares which the passengers were charged and the telephone numbers to call for additional information or making reservations on one of the Defendants' buses.

10. I checked the web and found that Fung Wah Bus Transportation, Inc., and Kristine Travel & Tours, Inc., d/b/a Travel Pack each had a web page. Their web pages provided information which substantially duplicated that disseminated by the companies' flyers, namely, the web page gave the locations in New York and Boston where the buses stopped to pick up and discharge passengers, the one-way fares which the passengers were charged and the telephone numbers to call for additional information or reservations.

11. Having been in the bus business for more than thirty years, I learned a long time ago

-3-

that what is critical to a determination of whether a company is in business as an intercity, scheduled, regular-route common carrier bus line is its holding out to serve the public. If the company holds itself out to serve the public, as by establishing web pages and distributing flyers providing information about its schedules, stops and fares, and anyone can board its buses, that is fairly conclusive that it is an intercity, scheduled, regular-route common carrier bus company. Of course, that is exactly what Fung Wah Bus Transportation, Inc., and Kristine Travel & Tours, Inc., d/b/a Travel Pack, are doing, and I have no doubt in my own mind that they are holding themselves out as intercity, scheduled, regular-route common carrier bus companies rendering service from New York to Boston and from Boston to New York, exactly as Greyhound does.

12. While Fung Wah Bus Transportation, Inc., and Kristine Travel & Tours, Inc., d/b/a Travel Pack are authorized to render special and charter operations, they hold no authority to perform intercity, scheduled, regular-route motorbus operations between New York and Boston and between Boston and New York. Their operations between the two cities do not fall within the definition of charter or special operations.

13. Greyhound has authority to perform charter and special operations, in addition to the intercity, scheduled, regular-route bus operations which are the mainstay of its business, and I am well familiar with the differences between such services. Charter operations are those which are performed pursuant to a contract with a club, church or other organization which arranges and pays for the bus transportation of a group of their members. One example of a charter operation is the movement of a battalion of troops from one military post to a second. Another example of a charter operation is the running of shuttle buses between the Javitz Convention Center and principal downtown hotels when a large organization, such as the American Bar Association,

-4-

comes to town. Special operations are those which are operated in round-trip service for day-trippers going to race tracks, casinos and similar recreational sites and are partially subsidized by the destination facility or include some sort of favor, as a modest supply of gambling chips. One example of special operations are the buses operated to the race track at Saratoga, NY; another example are the buses operated to the casinos in Atlantic City. Intercity, scheduled, regular-route operations are the ordinary, expedited services provided to fare paying passengers seeking transportation on a bus departing at a posted time and traveling an established route between the origin and destination city. Such service is competitive with those offered by the air lines, as, for example, the Delta and U.S. Airways shuttle between LaGuardia Airport in New York and Logan National Airport in Boston and Amtrak's Accella service between Penn Station in New York and South Station in Boston.

14. The transportation services rendered by Fung Wah Bus Transportation, Inc., and Kristine Travel & Tours, Inc., d/b/a Travel Pack are not legitimate charter operations, and merely calling them such do not make it so. The buses were not procured on behalf of an established group, such as a club, church or other organization which chartered the buses for the transportation of its members. Anyone who had the appropriate fare can board the buses at the designated stops in New York when he or she wanted to travel to Boston or at the designated stops in Boston when he or she wants to travel to New York. There is no pre-existing affinity or relationship between the passengers and the Defendants.

16. Of what I know of their operations, I am persuaded that Fung Wah Bus Transportation, Inc., and Kristine Travel & Tours, Inc., d/b/a Travel Pack are engaged in intercity, scheduled, regular-route passenger transportation from New York to Boston and from

-5-

Boston to New York without having the requisite operating authority, that they diverted passengers who otherwise would have ridden Greyhound's buses and that their operations occasioned Greyhound losses of revenue.

_Gregory Alexander_

Subscribed and sworn to before me this 10th day of May, 2004.

_Notary Public_

KAREN K. PEDERSON
MY COMMISSION EXPIRES
June 01, 2006

-6-