UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PETER PAN BUS LINES, INC. and ) <br> GREYHOUND LINES, INC., ) <br>     *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> FUNG WAH BUS TRANSPORTATION, INC. ) <br> and KRISTINE TRAVEL AND TOURS, INC. ) <br> doing business as TRAVEL PACK, ) <br>     *Defendants*. ) <br> ) | CIVIL ACTION <br> NO. 04-10946-JLT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO CONTINUE HEARING ON
APPLICATION FOR PRELIMINARY INJUNCTION**

**Background.**

In this action, filed on May 12, 2004, Plaintiffs seek preliminary injunctive relief pursuant to 49 U.S.C. § 14707 to enjoin Defendants from continuing to operate illegally their regular route scheduled bus transportation services between Boston, Massachusetts and New York, New York, unless and until they obtain proper registration from the Federal Motor Carrier Safety Administration ("FMCSA"). When the Complaint was filed, the Court issued Orders of Notice for service upon both Defendants, Fung Wah Bus Transportation, Inc. ("Fung Wah") and Kristine Travel and Tours, Inc. d/b/a Travel Pack ("Travel Pack"), notifying Defendants that Plaintiffs had applied for preliminary injunctive relief and that a hearing upon such application would be held on May 18, 2004 at 2:00 p.m. The Summonses and Orders of Notice, together with copies of the Complaint and all related pleadings filed on May 12, 2004,

were promptly served on Defendants on the morning of May 13, 2004, as reflected in the returns of service electronically filed with the Court.

On the afternoon of May 13, 2004, Plaintiffs' local counsel, Wesley S. Chused, received a telephone call from Attorney Andrew P. Botti, wherein Mr. Botti stated that he represented both Fung Wah and Travel Pack and requested a one-week postponement of the scheduled May 18, 2004 preliminary injunction hearing. In that conversation, Mr. Chused told Mr. Botti that, although normally he would accommodate a request from opposing counsel for additional time to prepare and plead, Plaintiffs could not assent to his request for a postponement of the hearing in this instance because of the urgency of this matter to Plaintiffs and the circumstances of this case. Plaintiffs' counsel understands the need for courtesy, cooperation and accommodation among counsel. Under ordinary circumstances, Plaintiffs' counsel would not oppose such a request, but these are not ordinary circumstances, as described below.

It is of utmost importance to Plaintiffs for this matter to be heard on May 18, 2004, as scheduled. As Mr. Botti alluded to the fact that Defendants might move for a continuance of the hearing, and as Plaintiffs strongly oppose any continuance, Plaintiffs deem it necessary and appropriate that they file this opposition to Defendants' expected motion (or request) for a continuance to insure that their position would be considered by the Court before taking any action on such a motion. Plaintiffs ask that the hearing on their application for a preliminary injunction go forward at 12:00 noon on Tuesday, May 18, 2004, as scheduled, and that any motion to continue be denied.

**Reasons to deny a continuance.**

Based on Mr. Chused's telephone conversation with Mr. Botti on the afternoon of May 13, 2004, Plaintiffs believe Defendants' request to continue is based on two grounds: (1) a need for more time to prepare and (2) the unavailability of a principal of defendant Fung Wah. Neither reason is sufficient under the circumstances of this case to justify continuing the hearing.

As to Defendants' "more time" rationale, this is an application for a preliminary injunction, based on irreparable harm suffered by Plaintiffs. Each day's delay is one more day in which Plaintiffs continue to be damaged without relief, and a request for one extension can easily lead to additional ones, each one allowing Defendants illegally to profit at Plaintiffs' expense. In filing their Complaint and effecting expedited service, Plaintiffs provided for more than reasonable time (nearly five days) for Defendants to prepare and respond. Defendants' counsel was aware of the Complaint by at least midday on May 13; the hearing is not scheduled until midday May 18. For a preliminary injunction, that is more than reasonably ample time for preparation.

This is especially so in a case as straightforward as this one where there are no material facts in dispute. The only "facts" crucial to Plaintiffs' case under the law are (1) the certificates issued by Federal Motor Carrier Safety Administration certifying to the registrations held by each Defendant and (2) copies of Defendants' web sites, schedules, tickets and other information describing their well known, openly performed transportation services.   There is no dispute about these.

The posture of Plaintiffs' request for preliminary injunctive relief is much like that of a summary judgment motion, with the Court called upon to rule on the single, very

straightforward legal issue of whether Defendants are operating in "clear violation" of their registrations, as 49 U.S.C. §14707 provides. Nothing else is involved which would require more time for Defendants to prepare and appear. Yet, each day's delay is another day of what Plaintiffs claim are unauthorized operations, in clear violation of a federal statute, and illegal diversion of passenger fares from Plaintiffs to Defendants.

As to the "unavailability of a witness" assertion, what can this witness, whoever he may be, say to the Court that is so crucial? Will he dispute the validity of certificates issued under seal by FMCSA as to his company's registration? Will he dispute that his company is openly performing scheduled daily bus service between Boston, Massachusetts and New York, New York? Obviously not. If he doesn't dispute those facts, then what is the significance of his absence? If he has something to say, presumably there is more than one authorized representative of the company (and between now and May 18 the two could converse) and any representative would certainly be competent to make the same statement.

The law requires Plaintiffs show only what Defendants' registrations are and what service Defendants are performing. Once Plaintiffs make these showings - and Plaintiffs have made these showings – it is the statute that provides guidance, and no further witness testimony is required for that.

Further, assuming the witness for one defendant is unavailable, that doesn't affect the second defendant. At worst, if the hearing proceeds and the defendant with a missing witness makes a showing that somehow the missing testimony is crucial, the Court can always issue an appropriate order to take that into account, but Plaintiffs should not be denied their day in Court because one witness from one defendant is unavailable.

While admittedly of least importance, lead counsel for Plaintiffs, Jeremy Kahn, is from out of town, and given that the claim before the Court demonstrates clear violation of federal law, Plaintiffs should not be required to incur additional costs and expenses for additional out-of-town travel to accommodate Defendants who appear to be clearly violating federal law.

When all is said and done, the issuance of a preliminary injunction ordinarily is viewed as an equitable act, in which a decision is rendered only after weighing the equities.  This case is different.  As Plaintiffs have argued elsewhere, Congress, through its enactment of the Federal Motor Carrier Act and 49 U.S.C. §14707, has made this a strictly legal issue.  If Defendants are operating in "clear violation" of their registrations, then they should be ordered to stop.  No additional time or facts are needed to make this ruling.

Defendants have been provided more than ample opportunity to mount whatever defense they may have.  Under the circumstances, any motion by the Defendants for a continuance should be denied, and the hearing on the preliminary injunction should proceed as scheduled, on May 18, 2004.

          PETER PAN BUS LINES, INC. and
          GREYHOUND LINES, INC.
          By their attorneys,

May 13, 2004        /s/   Wesley S. Chused
          Wesley S. Chused (BBO#083520)
          LOONEY & GROSSMAN LLP
          101 Arch Street
          Boston, MA 02110
          (617) 951-2800

          and

                                      Jeremy Kahn
                                      KAHN & KAHN
                                      1730 Rhode Island Ave., N.W.
                                      Suite 810
                                      Washington, D.C.  20036
                                      (202) 887-0037

**OF COUNSEL:**

Fritz R. Kahn, Esq.
FRITZ R. KAHN, P.C.
1920 N Street, N.W., 8th Floor
Washington, DC 20036
(202) 263-4152

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2004 I served a copy of the foregoing pleading upon all parties hereto by faxing copies to the following:

                        Andrew P. Botti, Esq.
                        DONOVAN HATEM
                        Two Seaport Lane
                        Boston, MA 02210
                        Fax (617) 406-4501

                                    /s/   Wesley S. Chused
                                    Wesley S. Chused (BBO#083520)