UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER PAN BUS LINES, INC. and )
GREYHOUND LINES, INC., )
      Plaintiffs, )
)
v. )   CIVIL ACTION
)   NO. 04-10946-JLT
FUNG WAH BUS TRANSPORTATION, INC. )
and KRISTINE TRAVEL AND TOURS, INC. )
doing business as TRAVEL PACK, )
      Defendants. )
)

**EMERGENCY MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING CURRENTLY SCHEDULED FOR TUESDAY, MAY 18, 2004, AT 12:00 NOON**

The undersigned counsel represents Kristine Travel and Tours, Inc. ("Kristine Travel") in this matter. Plaintiffs bring this action seeking extraordinary relief, i.e., nothing less than the closing-down of two successful passenger bus companies operating out of the Chinatown section of Boston. Kristine Travel's counsel has informed Plaintiffs' counsel that its principal is out of the country and has not informed counsel of when he plans to return. This individual is needed in order to properly respond to the allegations made in the Complaint, via affidavit or live testimony should the Court so desire. Plaintiff's counsel has refused to extend this courtesy. The stated reasons for doing so are at best chimerical. Respectfully, Kristine Travel asserts that fundamental fairness and due process require the brief extension requested herein.

    1.    By their own admission, the Plaintiffs have long known of the operation of Defendants' passenger bus service between Boston and New York. Paragraph 18 of the Affidavit of Robert Schwartz, Executive Vice-President of Peter Pan Bus Lines, Inc., states in pertinent

part: "Peter Pan, by its long time status is a major bus carrier in Boston, *has generally been aware that Defendants have been engaged in regular route operations between Boston and New York City for some time*, at least five years if not longer." (Emphasis added.) At the beginning of the Affidavit Mr. Schwartz states: "I have been involved for many months in assessing what Peter Pan believes to be the illegal competition posed by Defendants Fung Wah and Travel Pack."

2. At the very least, Plaintiffs' prior knowledge raises the issue of laches. More importantly, their failure to act sooner belies Plaintiffs' assertion that the Preliminary Injunction Hearing must take place on Tuesday, May 18, 2004, in order to avoid "irreparable harm." If Plaintiffs' were in such dire need of the requested relief, query why they did not act sooner – indeed years earlier – to quash the allegedly illegal and injurious conduct of which they now complain. Both Plaintiffs admit they have operated along side Defendants for many years.

3. Moreover, Defendants should be allowed the opportunity to fully air the facts involved in this matter which they cannot do without Kristine Travel's principal. Particularly in light of the drastic remedy which the Plaintiffs are seeking, it is critical that Kristine Travel be allowed to present to the Court as fully and as accurately as possible, the history and circumstances of its operations.

4. Defendants' assertion in their opposition that they have a "slam-dunk" legal case is simply wrong. As a jurisdictional prerequisite Plaintiffs must show "a clear violation of section 13901-13904...." A "clear" violation under the statute is one which is "openly and obviously unlawful." *Aspen Limousine Service, Inc. v. Colorado Mountain Express, Inc.*, 891 F. Supp. 1450, 1455 (D. Colo. 1995). Plaintiffs must also demonstrate the usual elements necessary to prevail on a request for injunctive relief, *i.e.*, a likelihood of success on the merits, no adequate

remedy at law, the balance of harms favors them, and the public interest will be served by granting the injunction.

5.     The papers submitted by the Plaintiffs raise more questions than they answer and certainly do not meet the standard for injunctive relief. Because the registration requirements and procedures for special and charter service do not differ materially from those involved in regular route registration, whether Defendants' operations are "openly and obviously unlawful" is hotly disputed. All carriers must have the requisite insurance coverage (49 CFR 387), the properly designated agent for service of process (49 CFR 366), and schedules (49 CFR 374.305). The application form, OP-1(P), Section VII entitled "Scope of Operating Authority," is the same for "charter and special transportation" and "regular routes." The only difference is that applicants requesting authority to operate over regular routes must "furnish a map clearly identifying each regular route involved in your passenger carrier service description(s)."

6.     Plaintiffs' papers demonstrate nothing less than anti-competitive animus, the motivations for which need to be fully and fairly aired before any order closing down Defendants' business issues. Also, Plaintiffs' submissions do not show that they are "person[s] injured" under 49 U.S.C. 14707(a). Peter Pan's subjective belief that "many if not most of the passengers who ride Defendants' services would ride Peter Pan's service if Defendants' services were not available" is not evidence demonstrating a likelihood of success on the merits. In any event, injunctive relief of the type requested by Plaintiffs is not appropriate in the context of alleged "competitive injury." See e.g., *Aspen Limousine Service, Inc. v. Colorado Mountain Express, Inc.*, 891 F. Supp. 1450, 1458-1459 (D. Colo. 1995) (denying injunctive relief under 49 U.S.C. 14707's predecessor provision where injunction would "require the virtual shutdown of the majority of [defendant's business].")

3

WHEREFORE Defendant Kristine Travel respectfully request that this Court continue the Preliminary Injunction Hearing on this matter until Thursday, May 27, 2004.

## LOCAL RULE 7.1 CERTIFICATE

Kristine Travel sought an extension of the hearing from plaintiffs' counsel yesterday afternoon, Thursday, May 13, 2004, when it first received plaintiffs' papers. Plaintiffs' counsel refused to grant the extension, necessitating this motion.

Respectfully submitted,
Kristine Travel, Inc.
By its attorneys

Darrell Mook
BBO No. 546754
Andrew P. Botti
BBO No. 558755
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 406-4500
Facsimile: (617) 406-4501

Dated: 5/14/, 2004

00831886//995137

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on 5/14/04

4