UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER PAN BUS LINES, INC. and GREYHOUND LINES, INC.,<br>　　　*Plaintiffs,*<br><br>v.<br><br>FUNG WAH BUS TRANSPORTATION, INC. and KRISTINE TRAVEL AND TOURS, INC. doing business as TRAVEL PACK,<br>　　　*Defendants*. | CIVIL ACTION<br>NO. 04-10946-JLT |

**AMENDED COMPLAINT**

Jurisdiction

1.　　　The jurisdiction of this Court is invoked under 28 U.S.C. §1331, since this is a civil action arising under the Constitution and laws of the United States, specifically Congressional power to regulate commerce among the several states, U.S. Constitution, Article I, Section 8, Clause 3, and more specifically, a provision of the Motor Carrier Act, namely 49 U.S.C. §14707, which allows an entity injured by a motor carrier's act in violation of the Federal Motor Carrier Safety Administration registration requirements with respect to interstate bus transportation at 49 U.S.C. §13901 to bring a civil action to recover damages.

Venue

2. Venue is proper under 28 U.S.C. §1391(b)(1), because both Defendants reside in the District of Massachusetts, and also under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## Nature of the Action

3. Plaintiffs are both interstate common carriers of passengers whose intercity bus business is regulated by the Federal Motor Carrier Safety Administration ("FMCSA"), including a requirement for FMCSA registration as provided in 49 U.S.C. §13902. A portion of their business consists of operating regularly scheduled bus service between Boston, Massachusetts and New York, New York ("Boston - New York City"), over specified regular routes set forth in their FMCSA registrations. Defendants are both engaged in business, *inter alia*, operating similar regularly scheduled bus service between Boston and New York City. Defendants, however, unlike Plaintiffs, did not hold required FMCSA registration authorizing such regularly scheduled service over regular routes until on or about June 10, 2004. Plaintiffs have been injured substantially by reason of Defendants' operating for several years their unauthorized, scheduled bus transportation services between Boston and New York City in competition with Plaintiffs' authorized services. Plaintiffs bring this complaint for relief pursuant to 49 U.S.C. §14704, which explicitly provides injured entities may seek to recover damages through a civil action.

## The Parties

4. Plaintiff Peter Pan Bus Lines, Inc. ("Peter Pan"), 1776 Main Street, Springfield, Massachusetts 01102, is a Massachusetts corporation whose principal office

is located at Springfield, Massachusetts. Peter Pan is now and for many years has been engaged in the regular route intercity bus business as a motor common carrier of passengers, *inter alia*, according to a published schedule, in interstate commerce, over a series of specified, authorized regular routes throughout New England and the Middle Atlantic States, including specified, authorized routes between Boston and New York City.

5. Peter Pan is appropriately registered with FMCSA in FMCSA Docket MC-61016 to perform such interstate, regularly scheduled service, as provided in 49 U.S.C. §13902.

6. Peter Pan is now and for many years has been actively engaged in performing regularly scheduled intercity bus service between Boston and New York City over its authorized regular routes, operating multiple schedules daily in each direction.

7. Plaintiff Greyhound Lines, Inc. ("Greyhound"), 15110 Dallas Parkway, Dallas, Texas 75248 is a Delaware corporation whose principal office is located at Dallas, Texas. Greyhound is the Nation's only nationwide intercity bus carrier providing regularly scheduled intercity bus service. Greyhound is now and for many years has been engaged in the intercity regular route bus business as a motor common carrier of passengers, *inter alia*, on a regularly scheduled basis, in interstate commerce, over a series of specified, authorized routes throughout the United States, including specified, authorized routes between Boston and New York City.

8. Greyhound is appropriately registered with FMCSA in FMCSA Docket MC-1515 to perform such interstate, regularly scheduled service, as provided in 49 U.S.C. §13902.

9. Greyhound is now and for many years has been actively engaged in performing regularly scheduled intercity bus service between Boston and New York City over its authorized regular routes, operating multiple schedules daily in each direction.

10. Defendant Fung Wah Bus Transportation, Inc. ("Fung Wah"), 28 Billings Road, Quincy, Massachusetts 02170, is a New York corporation, qualified to do business and doing business in Massachusetts. Fung Wah is engaged in business, *inter alia*, in the motor transportation of passengers, in interstate commerce, over regular routes, according to published schedules, between Boston and New York City.

11. Fung Wah has been for some years registered with FMCSA in Docket MC-405969 to operate "charter and special" transportation. Until on or about June 10, 2004, Fung Wah had not been registered with FMCSA to operate any regularly scheduled interstate, "regular route" bus service. Until February 4, 2002 Fung Wah had not been registered with FMCSA to operate any interstate bus service of any nature.

12. Although it was not at the time properly registered with FMCSA to do so, Fung Wah for some time has been actively engaged in holding itself out to the public to perform and performing regularly scheduled intercity bus service between Boston and New York City over regular routes, operating multiple schedules daily in each direction.

13. Defendant Kristine Travel and Tours, Inc., doing business as Travel Pack ("Travel Pack"), 23 B Tyler Street, Boston 02111, is a Massachusetts corporation, doing

business in Massachusetts. Travel Pack is engaged in business, *inter alia*, in the motor transportation of passengers, in interstate commerce, over regular routes, according to published regular schedules, between Boston and New York City.

14. Travel Pack has been for some years registered with FMCSA in Docket MC-352543 to operate "charter and special" transportation. Until on or about June 10, 2004, Travel Pack had not been registered with FMCSA to operate any regularly scheduled interstate, "regular route" bus service. Until March 1, 1999, Travel Pack had not been registered with FMCSA to operate any interstate bus service of any nature.

15. Although it was not at the time properly registered with FMCSA to do so, Travel Pack for some time has been actively engaged in holding itself out to the public to perform and performing regularly scheduled intercity bus service between Boston and New York City over regular routes, operating multiple schedules daily in each direction.

The Federal Regulatory Scheme<br>
<u>The Requirement for Registration</u>

16. The holding out to the public to operate and the operation of intercity, interstate regularly scheduled bus transportation over regular routes has been fully regulated by the Federal Government since the enactment of the Motor Carrier Act of 1935, and it remains regulated today. Pursuant to the ICC Termination Act of 1995 (Pub.L. 104-88) and Motor Carrier Safety Improvement Act of 1999 (Pub.L. 106-159), administration of regulation of such activities today is carried out by FMCSA.

17. FMCSA's jurisdiction over motor passenger transportation as set forth in 49 U.S.C. §13501 includes jurisdiction "over transportation by motor carrier . . . to the

extent that passengers . . . are transported by motor carrier (1) between a place in (A) a State and a place in another State." Both Defendants are engaged in such transportation subject to FMCSA jurisdiction.

18. FMCSA's requirement for registration as set forth in 49 U.S.C. §13901 provides an entity may provide transportation subject to FMCSA jurisdiction "only if the [entity] is registered . . . to provide the transportation or service." Prior to on or about June 10, 2004, neither Defendant was properly registered to perform the regularly scheduled "regular route" service between Boston and New York City, that each had been performing for many years.

19. FMCSA's registration requirements for motor passenger carriers as set forth in 49 U.S.C. §13902 provide for two altogether distinct classes of registration, namely (1) "regular route" transportation and (2) "charter or special" transportation.

20. The distinction in classes of registration are set out in FMCSA statute and administrative and court interpretations. "Regular route" transportation consists of operation of common carrier service, available to the general public, in which transportation is performed between specified terminals according to published schedules, and which transportation is available to any passenger who purchases an individual ticket. In contrast, "charter and special" transportation consists of sporadic service. "Charter" service would be performed for a single group which hires the exclusive use of a vehicle. "Special" service would generally involve sale of tickets to a special event or as a part of an all-inclusive tour.

21. In order lawfully to operate their scheduled services, Plaintiffs Peter Pan and Greyhound each is registered with FMCSA under 49 U.S.C. §13902 to operate "regular route" transportation between Boston and New York City (among other places). Peter Pan's registration includes Certificates in Docket MC-61016. Greyhound's registration includes Certificates in Docket MC-1515.

<u>Injury To Plaintiffs</u>

22. As a part of their regular route transportation service, each of Peter Pan and Greyhound holds itself out to the general public as providing regular route, scheduled service. This includes publication of schedules (both on their internet web sites and through printed media) which describe departure and arrival times and departure and arrival points. This also includes operating intercity coaches according to those published schedules. Both Plaintiffs incur substantial expenses in such publication and operation.

23. In connection with their holding out of and operating regular route passenger transportation, each of Peter Pan and Greyhound has made a substantial investment in such representative activities as (1) acquiring modern intercity motor coaches, (2) hiring, training, and retaining qualified drivers and other employees, (3) developing and maintaining a safety program to meet and exceed FMCSA safety requirements, (4) developing and maintaining maintenance programs for their coaches, (5) developing, acquiring, and maintaining information technology systems for their businesses, (6) arranging for terminal facilities in the cities to and from which they operate, and (7) generally promoting their businesses. Both Plaintiffs have incurred and

continue to incur substantial expenses in making and maintaining such investments.

24. In their operation of their unauthorized scheduled services until on or about June 10, 2004, both Defendants sold tickets to and transported passengers. Many if not all of these passengers transported by Defendants would have bought tickets from and traveled on Plaintiffs' services if Defendants were not performing their unauthorized scheduled services. As a result of Defendants' unauthorized services, Plaintiffs have therefore been injured substantially by being deprived of potential revenues and profits they would otherwise have received from such passengers who have been diverted to Defendants' unauthorized services.

25. Plaintiffs have suffered substantial harm as a result of Defendants' unauthorized services, as described herein. The precise amount of such substantial harm suffered by Plaintiffs is to be determined after presentation of all evidence.

<u>Relief Requested</u>

26. Plaintiffs request the Court to determine the precise amount of harm they have suffered and thereupon award compensatory damages against each Defendant for damages sustained by Plaintiffs as a result of Defendants' violation of the FMCSA registration requirements through their acts of operating scheduled, regular route passenger bus transportation between Boston and New York City as described herein without proper FMCSA registration.

27. Plaintiffs request the Court award them reasonable attorney's fees as contemplated in 49 U.S.C. §14704(e).

WHEREFORE, Plaintiffs respectfully request and pray that this honorable Court:

(1) Award Plaintiffs compensatory damages;

(2) Order Defendants Fung Wah and Travel Pack to pay the reasonable attorney's fees incurred by Plaintiffs Peter Pan and Greyhound in bringing this action and the costs of this action; and

(3) Grant unto Plaintiffs such other and further relief as it may deem just and proper in the premises.

PETER PAN BUS LINES, INC. and
GREYHOUND LINES, INC.

By their attorneys,

June 16, 2004

/s/ Wesley S. Chused
Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

and

Jeremy Kahn
KAHN & KAHN
1730 Rhode Island Ave., N.W.
Suite 810
Washington, D.C. 20036
(202) 887-0037

OF COUNSEL:

Fritz R. Kahn, Esq.
FRITZ R. KAHN, P.C.
1920 N Street, N.W., 8th Floor
Washington, DC 20036
(202) 263-4152

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2004 I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or via first class mail, properly addressed to the following:

      Darrell Mook, Esq.
      Andrew P. Botti, Esq.
      DONOVAN HATEM
      Two Seaport Lane
      Boston, MA 02210
      Fax (617) 406-4501

      Lawrence R. Kulig, Esq.
      HOLLAND & KNIGHT LLP
      10 St. James Avenue
      Boston, MA 02116
      Fax (617) 523-6850

      /s/ Wesley S. Chused
      Wesley S. Chused