UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JUN 23 P 3: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

PETER PAN BUS LINES, INC. and )
GREYHOUND LINES, INC., )
        Plaintiffs, )
         )
v. )  CIVIL ACTION
         )  NO. 04-10946-JLT
FUNG WAH BUS TRANSPORTATION, )
INC., and KRISTINE TRAVEL AND )
TOURS, INC., doing business as )
TRAVEL PACK, )
        Defendants. )
         )

### KRISTINE TRAVEL AND TOURS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

**I.    INTRODUCTION**

This action – brought by two "Goliaths" of the passenger bus business - is nothing more than a thinly veiled attempt to stifle legitimate competition created by the sweat and toil of two enterprising "Davids" – local immigrant-owned bus companies operating in the same Boston – New York City corridor. Plaintiffs first attempted to undermine defendants' operations by asking the Court to shut them down based upon an absurdly technical *de minimis* violation of the Interstate Commerce Commission Termination Act of 1995. That "violation" – failure to secure a regular route carrier certificate – was promptly remedied by both defendants merely by requesting same from the Federal Motor Carrier Safety Administration. Having failed in their attempt to stop defendants' buses from rolling, plaintiffs now seek to destroy them by claiming they are entitled to defendants' money for the same *de minimis* "violation." Kristine Travel and Tours, Inc. ("Kristine Travel") hereby opposes plaintiffs' Motion to Amend Complaint to add claims for monetary damages. At the recent Preliminary Injunction hearing, Plaintiffs themselves

argued that they could not adequately discern money damages in this matter, and therefore were in need of drastic relief, *i.e.*, the closing down of defendants' businesses, to avoid "irreparable harm." Now that their claim for injunctive relief has been denied, plaintiffs suggest they should be allowed to do what they have already stated in not possible. Because plaintiffs admittedly have no basis for claiming money damages, their motion to amend should be denied in its entirety.

## II.    ARGUMENT AGAINST PROPOSED AMENDMENT

1.    Although amendments pursuant to Fed. R. Civ. P. 15(a) are within the discretion of the trial judge, leave should not be granted if dilatory motive on behalf of the movant is apparent. While "leave [to amend] shall be freely given when justice so requires," the liberal amendment policy prescribed by Rule 15(a) does not mean that leave should be granted in all cases. "Where an amendment would be futile or would serve no legitimate purpose" the district court should deny the request. *Judge v. City of Lowell, et. al.*, 160 F.3d 67, 78 (1st Cir. 1998).

2.    Here, both plaintiffs have already admitted under oath that they cannot calculate damages with any degree of certainty. It is well settled that speculative and hypothetical damages are not recoverable under Massachusetts law. In *Lowrie v. Castle*, the Supreme Judicial Court held long ago:

> [D]amages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty. The nature of the business or venture upon which the anticipated profits are claimed must be such as to support an inference of definite profits grounded upon a reasonably sure basis of facts. *When the elements, upon which the claim for prospective profits rests, are numerous and shifting contingencies whose relation to the wrong complained of is problematical, and such profits are not provable with assurance as a trustworthy result of the alleged cause, then there can be no recovery.* Manifest ambiguities in ascertaining

2

    what would have been the course of events in the face
    of complicated factors, under circumstances which never
    have come to pass ... prevent the recovery of damages.

*Lowrie*, 225 Mass. 37, 51-52 (1916) Here, plaintiffs' claims for damages are well within this exclusionary rule prohibiting such speculation.

  3.  Robert Schwarz, Peter Pan's Executive Vice-President, stated in paragraph 30 of his affidavit in support of injunctive relief that *"there is no feasible way for Peter Pan to identify precisely the exact monetary harm* we are suffering as Defendants continue to operate their services." (Emphasis added.) At paragraph 32 of his affidavit Schwarz added: "[w]ithout some specific measurement of damages, Peter Pan's only meaningful relief is to have Defendants discontinue their unauthorized operations."

  4.  Gregory Alexander, Vice President of Greyhound Lines, went even further in his affidavit in support of injunctive relief, essentially eliminating any causal connection between defendants' activities and plaintiffs' so-called "damages": "Intercity, scheduled, regular-route operations are the ordinary, expedited services provided to fare paying passengers ... *Such service is competitive with those offered by the airlines, as, for example the Delta and U.S. Airways shuttle ... and Amtrak's Accella* [sic]...." (See Gregory Affidavit at paragraph 13.) (Emphasis added.) Plaintiffs cannot now argue that, but for defendants' operations, plaintiffs would have received a finite number of defendants' passengers.

  5.  Plaintiffs should be estopped from now attempting to claim money damages. "[C]ourts have uniformly recognized that [the purpose of judicial estoppel] is 'to protect the integrity of the judicial process' ... by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *State of New Hampshire v. State of Maine*, 532 U.S. 742, 749 -750 (2001). See also *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) ("[j]udicial

estoppel is a doctrine intended to prevent the perversion of the judicial process"); *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3rd Cir. 1953) (judicial estoppel prevents parties from "playing 'fast and loose with the courts'") (citation omitted). "Absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an ... advantage by pursuing an incompatible theory." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* s. 4477, p. 782 (1981).

6. This equitable doctrine is recognized by the First Circuit Court of Appeals and should be applied here. See *e.g., Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998) ("[w]e generally will not permit litigants to assert contradictory positions at different stages of a lawsuit in order to advance their interests"); *Patriot Cinemas, Inc. v. Gen. Cinema Corp.*, 834 F.2d 208, 212 (1st Cir. 1987) ("judicial estoppel should be employed when a litigant is playing fast and loose with the courts, and when intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.")

7. Plaintiffs have apparently joined forces and embarked on a national campaign to thwart competition from low-priced carriers operating in the most lucrative travel corridors. It appears they are willing to go to any lengths to do so.

8. Plaintiffs should not be allowed, however, to use the litigation process as an indiscriminate bludgeon to swing willy-nilly in the hopes that they may land a fatal blow. They tried and failed to close down Kristine Travel by claiming the necessity for injunctive relief. Money damages, they represented previously to the Court, were not calculable and therefore inadequate as a remedy. They should not now be permitted the expedient of claiming a basis for money damages.

## III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend their complaint to add claims for money damages should be denied in its entirety.

Kristine Travel and Tours, Inc.
By its attorneys,

_____
Darrell Mook
BBO No. 546754
Andrew P. Botti
BBO No. 558755
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: 6/23/ , 2004

00699561
22307.14

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on 6/23/04.

_____